UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL BEVERICK AND CINDY BEVERICK, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CHELAN COUNTY, ANGEL HALLMAN AND JOHN DOE HALLMAN, husband and wife, DOE DEFENDANTS 1-10,<br><br>Defendant. | NO. 2:19-CV-0276-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND |

BEFORE THE COURT is Plaintiffs' Motion to Remand (ECF No. 4). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. Briefing is completed and there is no reason to delay a ruling. For the reasons discussed below, Plaintiffs' Motion to Remand (ECF No. 4) is **DENIED**.

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 1

**BACKGROUND**

This case arises out of Defendants' alleged unlawful actions taken in the course of enforcing alleged code violations on Plaintiffs' property. On July 19, 2019, Plaintiffs filed a Complaint in Douglas County Superior Court, bringing claims for tortious interference, violation of due process and equal protection under both the Washington State Constitution and the United States Constitution, trespass and conversion. ECF No. 1-2. On August 12, 2019, Defendants filed a Notice of Removal in this Court, asserting federal question jurisdiction. ECF No. 1. Plaintiffs moved to remand the matter to state court. ECF No. 4. Defendants filed a response opposing the motion, ECF No. 5, and Plaintiffs timely responded, ECF No. 6.

**DISCUSSION**

**A. Removal Standard**

Plaintiffs argue that remand is appropriate because removal of this case is discretionary. ECF No. 4 at 4.

Title 28 United States Code Section 1441 governs removal of cases from state court to federal court. Generally, a defendant may remove a case to federal court if the federal court would have subject-matter jurisdiction over one or more of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity of citizenship). *See* 28 U.S.C. § 1441(a), (b). Once a case has been

properly removed, a federal court must generally entertain all claims over which it has original subject-matter jurisdiction. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996) (noting that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress" in removal proceedings).

Here, Defendants' Notice of Removal alleges this Court has federal question jurisdiction over Plaintiffs' federal equal protection and due process claims. ECF No. 1 at 2. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs' Motion to Remand concedes that the Complaint raises equal protection and due process claims under the Fourteenth Amendment to the United States Constitution. ECF No. 4 at 3-4. Accordingly, the Court has federal question jurisdiction over this claim. 28 U.S.C. § 1331. This case was therefore properly removed to federal court. 28 U.S.C. § 1441(a).

**B. Request for Remand**

Despite proper removal, Plaintiffs argue this Court should remand this case because the state court is the "better choice" of venue to resolve the state law claims. ECF No. 4 at 4-7. Plaintiffs' motion is unclear as to whether Plaintiffs request that this Court abstain from exercising its federal question jurisdiction over the federal constitutional claim, or whether Plaintiffs request this Court not

exercise supplemental jurisdiction over the related state law claims. Neither request is persuasive.

*1. Abstention*

"[F]ederal courts may decline to exercise their jurisdiction, in otherwise '"exceptional circumstances,"' where denying a federal forum would clearly serve an important countervailing interest." *Quackenbush*, 517 U.S. at 716 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)). Abstention "is the exception, not the rule." *Knudsen Corp. v. Nevada State Dairy Comm'n*, 676 F.2d 374, 376 (9th Cir. 1982) (citation omitted). However, abstention principles do not permit a district court to dismiss or remand an action for damages. *Quackenbush*, 517 U.S. at 721. Because Plaintiffs' Complaint seeks money damages and not injunctive relief, abstention does not apply. ECF No. 1-2 at 10-11.

Even if abstention could be applied in this case, the relevant factors would not weigh in favor of abstention. Abstention may be appropriate where "(1) […] the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) […] federal review might disrupt state efforts to establish a coherent policy." *Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991). Here, Plaintiffs

argue generally that the state court is in the better position to analyze local rules and laws applicable to Plaintiffs' land use dispute. ECF No. 4 at 4-6. That the state court may resolve land use cases more frequently than this Court does not meet the high threshold required for this Court to decline to exercise jurisdiction over a claim otherwise subject to federal question jurisdiction. Plaintiffs are not entitled to remand on this ground.

### 2. *Supplemental Jurisdiction*

When a case is removed to federal court on the basis of federal question jurisdiction, a court must first verify that it does in fact have federal question jurisdiction over at least one of the plaintiff's claims. If the court concludes that federal question jurisdiction over at least one claim is present, it must then decide whether to exercise supplemental jurisdiction over any other related claims that do not present a federal question. *See* 28 U.S.C. § 1367(a).

Under § 1367, a court must perform a two-pronged inquiry when deciding whether to exercise supplemental jurisdiction over pendent claims in a removal proceeding. First, the court must determine whether the pendent claims arise from the "same case or controversy" as the claim(s) over which it has original jurisdiction pursuant to § 1331. 28 U.S.C. § 1367(a). If this condition is not satisfied, the court must remand the pendent claims to the state court in which they

were originally filed for lack of subject-matter jurisdiction. 28 U.S.C.
§ 1441(c)(2).

Second, if the court concludes that § 1367(a)'s "same case or controversy" requirement is satisfied, it must then decide whether to exercise supplemental jurisdiction over the pendent claims if:

> (1) the claim raises a novel or complex issue of State law;
> (2) the claim substantially predominates over the claim or claim over which the district court has original jurisdiction;
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1362(c). To the extent that exercising supplemental jurisdiction would be inconsistent with these considerations, the court may remand the pendent claims to the state court in which they were originally filed. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988).

Here, Plaintiffs assert the Court is not required to exercise supplemental jurisdiction over their state law claims, but they make no argument regarding the relevant § 1367 factors. ECF No. 4 at 4-7. Plaintiffs assert generally that the state court is in a better position to decide land use issues and that judicial efficiency is better served by allowing the state court to resolve this case. *Id.* To the contrary, judicial efficiency would not be served by allowing this Court to retain jurisdiction over Plaintiffs' federal constitutional claim and remanding the other claims to state

court when the claims arise from the same alleged conduct. Additionally, although Plaintiffs' state law claims involve local building and land use regulations, it is not clear from the face of the Complaint that these regulations will raise novel or complex issues for the purpose of resolving Plaintiffs' state claims or substantially predominate over the state claims.

Because Plaintiffs have not identified a compelling reason for this Court to use its discretion to decline to exercise supplemental jurisdiction over their state law claims, Plaintiffs are not entitled to remand. Plaintiffs' request for attorney's fees under 28 U.S.C. § 1447(c) is similarly denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion to Remand (ECF No. 4) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** October 18, 2019.



THOMAS O. RICE
Chief United States District Judge